Filed 5/13/13  P. v. Garcia CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JESSY GARCIA,<br><br>    Defendant and Appellant. | B240768<br><br>(Los Angeles County<br>Super. Ct. No. PA071777) |

THE COURT:[*]

Jessy Garcia (defendant) appeals from the judgment entered following his conviction by jury of one count of second degree burglary of a vehicle (Pen. Code, § 459).[1] Defendant admitted the truth of an allegation under section 667.5, subdivision (b) that he suffered a 2009 conviction for a violation of section 69, resisting an executive officer.

The trial court sentenced defendant to the midterm of two years plus a consecutive year for the prior conviction allegation, to be served in county jail.  The trial court granted defendant 167 days of actual credit and 167 days of conduct credits.  The court ordered victim restitution in the sum of $180.

---

[*]    BOREN, P.J., ASHMANN-GERST, J., CHAVEZ, J.

[1]    All further statutory references are to the Penal Code unless otherwise stated.

We appointed counsel to represent defendant on this appeal. After examination of the record, counsel filed an "Opening Brief" containing an acknowledgment that he had been unable to find any arguable issues. On January 15, 2013, we advised defendant that he had 30 days within which to personally submit any contentions or issues that he wished us to consider. No response has been received to date.

The record shows that Maria Ortiz was waiting to exit a driveway in her truck when she saw defendant breaking the rear passenger window of a parked car. She saw defendant, who wore a blue backpack, extract a black backpack and a plastic bag from the car. She called 911 and began following defendant, who was riding a bicycle. She lost him momentarily while still on the line with the dispatcher but then saw defendant again inside a pedestrian tunnel. Ortiz told the dispatcher she had found defendant. Ortiz watched as defendant examined the contents of the black backpack. When police arrived, defendant rode rapidly toward them on his bicycle. He suddenly turned into a residence and dropped the bicycle. Ignoring police commands to stop, defendant ran into the house, through the kitchen, and outside a rear door with police in pursuit. Evidence later showed that the house was defendant's residence.

Police followed defendant over a wall and saw him enter a chicken coop. After approximately two minutes, he fled from the coop. Police later found a blue backpack, an iPod, and headphones near the chicken coop. The owner of the burglarized car identified these items and a black backpack as his property. Police also found a motorcycle glove inside the backpack.

After defendant fled, police set up a perimeter and deployed canine units. A police dog alerted to a trailer in a neighbor's backyard. Defendant did not reply to calls for him to exit the trailer and surrender, and the police dog was sent inside the trailer. The dog put a bite hold on defendant's arm. Defendant was arrested and taken to a hospital. A spark plug was found in defendant's pocket. A police officer testified that spark plugs are often used to break automobile window glass.

Ortiz positively identified defendant at the preliminary hearing, at trial, and in a photographic lineup. She expressed slight doubt at the field showup because defendant

2

was not wearing a shirt. A shirt found in the area of the trailer where defendant hid was offered to him during the booking process. Defendant at first denied it was his, but then claimed the shirt. Defense motions to exclude defendant's pre-*Miranda*[2] statements about his ownership of the shirt and the evidence of the canine handler were denied.

We have examined the entire record, and we are satisfied that defendant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

---

[2]  *Miranda v. Arizona* (1966) 384 U.S. 436.